UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MICHAEL JOHNSON and KARLA JOHNSON,**

    Plaintiffs,

v.                                                                                          Case No: 5:15-cv-85-Oc-PRL

**THOR MOTOR COACH, INC.**

    Defendant.

# ORDER

This matter is before the Court on Defendant's motion for attorney's fees and costs pursuant to Florida's offer of judgment statute, Fla. Stat. § 768.79 . (Doc. 69). Plaintiffs have responded (Doc. 71) and Defendant has replied (Doc. 78). Because, as set forth below, the offers of judgment made to each Plaintiff were not accepted and were otherwise legally and procedurally adequate, Defendant's motion is due to be granted.

## I. BACKGROUND

Plaintiffs, Michael Johnson and Karla Johnson, filed this action seeking relief under the Magnuson-Moss Warranty Enforcement Act, 15 U.S.C. §§ 2301 *et seq*. ("Magnuson-Moss") and the Florida Motor Vehicle Warranty Enforcement Act, Fla. Stat. §§ 681.10-.118, alleging that Defendant, Thor Motor Coach, Inc., failed to repair alleged defects in material or workmanship under the limited warranty applicable to their 2013 Palazzo RV. Following a two day non-jury trial, I issued a memorandum decision and order on August 1, 2016, finding that Plaintiffs failed

to prove by a preponderance of the evidence that Defendant breached its limited warranty. Accordingly, judgment was entered in favor of Defendant, making it the prevailing party.[1]

But before that, in an apparent effort to end the litigation, on April 24, 2015, Defendant served an offer of judgment in the total amount of $8,748.00 upon Plaintiff Michael Johnson and a separate offer of judgment in the total amount of $8,748.00 upon Plaintiff Karla Johnson. (Doc. 69-1). The offers, while separate, are identical in language other than changing the language from "Michael Johnson" to "Karla Johnson" and corresponding words of "him" to "her." Each Plaintiff failed to accept the tendered offer within thirty days, and thus, each offer was deemed "rejected" by each Plaintiff. Now, Defendant has filed the instant motion.

## II. DISCUSSION

Under Fla. Stat. § 768.79, because each Plaintiff failed to accept Defendant's separate offers of judgment and ultimately lost the case, it seeks attorney's fees and costs, incurred from April 24, 2015 (the date of each offer of judgment), through August 1, 2016 (the date of judgment). If the offers were separately made (i.e., the acceptance of one was not contingent on the other) (*see Attorneys' Title Insurance Fund, Inc. v. Gorka*, 36 So. 3d 646 (Fla. 2010)), procedurally sufficient under the statute and Fla. R. Civ. P. 1.422[2], and made in good faith (*see* Fla. Stat. § 768.79(7)(a)),

---

[1] The Court entered judgment in favor of Defendant as to both counts of the Complaint. The Court had previously entered summary judgment as to the state law claim. (Doc. 39).

[2] Under § 768.79, an offer must: (a) be in writing and state that it is being made pursuant to this section; (b) name the party making it and the party to whom it is being made; (c) state with particularity the amount offered to settle a claim for punitive damages, if any; and (d) state its total amount. Fla. Stat. § 768.79(2). Rule 1.442 provides similar requirements. These requirements "must be strictly construed because … [they are] in derogation of the common law rule that each party is responsible for its own fees." *Audifred v. Arnold*, 161 So.3d 1274, 1278 (Fla. 2015). In addition, "the court may, in its discretion, determine that an offer was not made in good faith" and "[i]n such case, the court may disallow an award of costs and fees." Fla. Stat. § 768.79(7)(a).

then Defendant would be entitled to what it seeks: "reasonable costs, including investigative expenses, and attorney's fees" (Fla. Stat. § 768.79(6)(a)).[3]

Plaintiffs argue that the offers were improper because they were ambiguous, contingent on each other, and not made in good faith. The Court disagrees and will address each in turn.

First, Plaintiffs argue that the offers were "defective, unenforceable, and void" because the breadth of the requested release is ambiguous. Plaintiffs' argument focuses on the language in paragraphs 1, 2 and 3 of each offer[4]:

> 1. Defendant Thor hereby offers to fully and finally settle all claims pled by <u>or available to</u> Plaintiff Michael Johnson against Thor *in the operative Complaint*, by paying him a total of Eight Thousand, Seven Hundred Forty-Eight and 00/100 Dollars ($8,748.00).
>
> 2. Plaintiff Michael Johnson's acceptance of this Proposal will fully settle, terminate, discharge, and dismiss with prejudice all elements of the claims, causes of action, damages, relief, costs, including the attorneys' fees claim, which are pled <u>or available to</u> him against Thor *in this action*. Plaintiff Michael Johnson has not pled a claim for punitive damages against Thor, but this Proposal is intended to resolve any such claim to the extent it might exist.
>
> 3. Should Plaintiff Michael Johnson accept this Proposal, no actual judgment will be entered against this Defendant. Rather, within 5 business days of his receipt of the above-referenced settlement proceeds, Plaintiff Michael Johnson *shall dismiss* with prejudice all elements of the claims, causes of action, damages, costs, and attorney's fees pled <u>or available against</u> this Defendant.

(Doc. 69-1, emphasis added). Plaintiffs argue that based on the use of the phrases "or available to" and "or available against," it is unclear whether Defendant was attempting to procure a release

---

[3] See Fla. Stat. § 768.79(1), which provides: "[I]f a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award."

[4] The offers are identical in language other than changing the language from "Michael Johnson" to "Karla Johnson" and corresponding words of "him" to "her."

only of those claims raised in this action or whether Defendant sought to also "resolve claims which Plaintiffs did not raise in this action, of which Plaintiffs may not have been aware at the time the proposals were tendered, and for which Plaintiffs would have needed additional counsel to assess the value thereof in order to determine the fairness of Defendant's offers." (Doc. 71, p.6).

Under Florida law, an offer of judgment must "state with particularity all nonmonetary terms of the proposal." Fla. R. Civ. P. 1.442; *State Farm Mut. Auto. Ins. v. Nichols,* 932 So.2d 1067, 1078 (Fla. 2006). A release included in such a proposal must "eliminate any reasonable ambiguity about its scope." *Id.* at 1079; *Lucas v. Calhoun,* 813 So.2d 971, 973 (Fla. 2d DCA 2002). Here, the law does not demand perfection, but only enough clarity to allow the offeree to make an informed decision without the need for further clarification:

> [G]iven the nature of language, it may be impossible to eliminate all ambiguity. The rule does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification. If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement.

*Nichols,* 932 So.2d at 1079. While general releases can be broad when read in isolation, the question is whether a fair reading of the offer as a whole is ambiguous. *U.S. Specialty Ins. Co. v. Burd,* 6:09–CV–231–ORL–31, 2012 WL 3242997 (M.D. Fla. Aug.8, 2012).

A plain reading of each offer reveals that Plaintiffs' contention that the offers were ambiguous is misplaced. While the phrase in paragraph 1, "or available to" may be broad, it is clearly limited by the subsequent phrase "in the operative Complaint." Similarly, while paragraph 2 contains the same language ("or available to"), it is clearly limited by the final phrase of the sentence: "in this action." Finally, while paragraph 3 suggests that Plaintiff dismiss with prejudice all claims, including those "available against this Defendant," a Plaintiff can't dismiss a

claim in a lawsuit that it hasn't raised. Especially in light of the limiting language noted, the Court submits that as a whole, each offer is sufficiently clear and definite as to Defendant's intent to resolve each Plaintiff's individual claims in "this action." *See, e.g., Land & Sea Petroleum, Inc. v. Bus. Specialists, Inc.,* 53 So. 3d 348, 354 (Fla. Dist. Ct. App. 2011) (considering the language of a proposal as a whole and finding it not ambiguous: "we cannot foresee how the absence of the phrase 'in this action' in paragraph 2 of the proposals reasonably would have affected the brokers' decision on whether to accept the proposals, especially when the phrase 'in this action' appeared in both paragraphs 3 and 4 of the proposals").

Moreover, Plaintiffs' argument to the contrary is belied by their failure to cite any outstanding claims that would have affected each of their decisions to individually accept or reject the offers. *See North v. LHB Realty, LLC,* No. 3:11-cv-444-J-32JBT, 2013 WL 2431875, at *2-3 (M.D. Fla. June 4, 2013). Indeed, "[i]n cases where proposals are found to be fatally ambiguous, there were actually outstanding or pending claims which could have been extinguished, not just the mere suggestions that one may exist in the future." *U.S. Specialty Ins. Co. v. Burd*, No. 6:09-cv-231-Orl-31KRS, 2012 WL 3242997, at *3 (M.D. Fla. Aug. 8, 2012).

Likewise, Plaintiffs' argument (relying on paragraph 3 of the offers), that the offers are "illusory" because if accepted they would have required each Plaintiff to dismiss the claims of the other, is without merit. That is, there is no support for their apparent contention that each Plaintiff's ability to accept the offer was contingent on the other's same acceptance: the language of paragraph 3 in no way makes the acceptance by the plaintiff to whom the offer was directed contingent on the acceptance of the other. Indeed, each offer expressly limits the offer to each Plaintiff individually and does not even mention their spouse's name. A plain reading of each offer reveals that Michael Johnson's claims would be dismissed if he accepted his settlement offer

independent of his wife's decision, and Karla Johnson's claims would be dismissed if she accepted her offer independent of her husband's decision. Indeed, Plaintiffs' complaint about the language of paragraph 3 was recently rejected by this Court in a different case, describing it as a "red herring argument" and finding (under the exact same language) that "neither party's acceptance of their respective offer would have impacted the claims of the other plaintiff." *See McLaughlin v. Monaco RV LLC*, No. 8:14-cv-703-T-36TGW, Doc. 67 at pages 6-14 (report and recommendation) (M.D. Fla. January 6, 2016) and Doc. 78 at 4 (adopting report and recommendation) (M.D. Fla. May 16, 2016).

In one final argument, Plaintiffs contend that the offers are unenforceable because they were tendered with a lack of good faith. Plaintiffs (as the offerees) bear the burden of proving that the offeror's proposals were not made in good faith. *Segundo v. Reid*, 20 So.3d 933, 937 (Fla. App. Ct. 2009) (quoting *Liggett Group, Inc. v. Davis*, 975 So.2d 1281, 1285 (Fla. App. Ct. 2008)). In determining whether the offer was made in good faith, the court must determine "whether the offeror had a reasonable foundation upon which to make the offer." *Id.; see also Gurney v. State Farm Mut. Auto. Ins. Co.,* 889 So.2d 97, 99 (Fla. 5th DCA 2004) (holding that the "good faith inquiry requires a trial court to review the facts and circumstances known to the offeror at the time it made the offer").

Here, to support their claim, Plaintiffs simply note that (1) the offers were made a mere three months into the litigation, before the case was developed and without regard to any liability Defendant may have faced; and (2) the proposals were made for nominal amounts. These bald assertions are insufficient to show bad faith. (Doc. 71 at 9).

As an initial matter, the monetary amount of the offer is not dispositive. *See e.g., Isaias v. H.T. Hackney*, 159 So. 3d 1002, 1004 n.4 (Fla. App. Ct. 2015) ("[t]he fact that a proposal for

settlement may be 'nominal' does not automatically disqualify it from a characterization as a good faith offer."). Here, Defendant points out that as of April 24, 2015 – the date it served its offers of judgment – it had a reasonable basis to conclude that it faced limited exposure in this litigation. Specifically, Thor's Limited Warranty coverage had expired more than one year earlier; Thor had never denied warranty or goodwill repairs after the coverage expired; on November 10, 2014, Mark Stanley (Thor's technical representative) had inspected the RV and found no issues related to the slide room; and the CAP-RV program had administratively dismissed Plaintiff's Lemon Law case because slide-out rooms are part of the RV's living facilities and excluded from the definition of motor vehicle. Accordingly, Plaintiffs have failed to show that the offers of judgment were made in bad faith.

### III. CONCLUSION

Defendant's motion for attorneys' fees, investigative expenses, and costs against Plaintiffs (Doc. 69) is **GRANTED**. Defendant is entitled to attorney's fees, investigative expenses, and costs pursuant to § 768.79 from the date that Thor served the offers of judgment on each Plaintiff – April 24, 2015. Within **fourteen (14) days** of this Order, Defendant shall file a motion and memorandum as to the amount requested, including affidavits and billing records in support of the amount and reasonableness of attorney's fees sought by Defendant. Within **fourteen (14) days** thereafter, Plaintiffs shall file a responsive memorandum, which may include an affidavit of a fee expert.

**DONE** and **ORDERED** in Ocala, Florida on November 23, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

- 8 -

Copies furnished to:

Counsel of Record
Unrepresented Parties