**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MICHAEL JOHNSON and KARLA JOHNSON,**

      **Plaintiffs,**

**v.**                                                          **Case No: 5:15-cv-85-Oc-PRL**

**THOR MOTOR COACH, INC.**

      **Defendant.**

_____

### ORDER

The Court previously determined that Defendant is entitled to attorney's fees, investigative expenses, and costs pursuant to Florida Statute § 768.79 from April 24, 2015, the date that Defendant served offers of judgment on each Plaintiff.   (Doc. 78).   Now, Defendant has filed its motion, with supporting affidavits, seeking an award of attorney's fees, investigative expenses, and costs.   (Docs. 79, 80, 81, 88).   Plaintiffs have filed a response with affidavits in opposition. (Docs. 84, 85, 86, 89).   Based on my review of the filings and applicable law, I find that Defendant is entitled to attorney's fees in the amount of $109,243.20 and costs in the amount of $4,566.10.

### I.     ATTORNEY'S FEES

While Defendant has a right to attorney's fees incurred in the successful prosecution of its claims, the Court has a corresponding duty to ensure that such an award is reasonable.   In determining a reasonable attorney's fee, the Court applies the federal lodestar approach which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party.   *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)(per curiam).   "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and

hourly rates."  *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Once the court has determined the lodestar, it may adjust the amount upward or downward based

upon a number of factors, including the results obtained.  *Norman*, 836 F.2d at 1302.

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because

'[t]here is no precise rule or formula for making these determinations.'"  *Villano v. City of Boynton*

*Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001)(quoting *Hensley*, 461 U.S. at 436).  Additionally, the

Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and

experience concerning reasonable and proper fees and may form an independent judgment either

with or without the aid of witnesses as to value."  *Norman v. Housing Authority of the City of*

*Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143,

144 (5th Cir. 1940)).

## A.     Reasonableness of Hours Expended

First, the Court must determine the number of hours reasonably expended on the litigation.

The attorney fee applicant should present records detailing the amount of work performed and

"[i]nadequate documentation may result in a reduction in the number of hours claimed, as will a

claim for hours that the court finds to be excessive or unnecessary."  *Rowe*, 472 So.2d at 1150.

Then, the fee opponent "has the burden of pointing out with specificity which hours should be

deducted." *Rynd v. Nationwide Mutual Fire Ins. Co.,* No. 8:09-cv-1556-T-27TGW, 2012 WL

939387, at *3 (M.D. Fla. January 25, 2012)(quoting *Centex-Rooney Const. Co., Inc. v. Martin*

*County*, 725 So.2d 1255, 1259 (Fla. App. Ct. 1999).   Attorneys "must exercise their own billing

judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary."

*Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011).   A court may reduce

excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so.   *Id.*

Here, Defendant seeks compensation for 493.9 hours of legal work on this matter, all of which was performed by W. Scott Powell, Esquire from April 24, 2015 (date of Proposals for Settlement) through November 23, 2016 (the date Court entered Order on entitlement).   To support these hours, Defendant offers the Affidavit of Mr. Powell (Doc. 80), as well as 36 pages of billing records from Powell Law, LLP.   (Doc. 80-1).   Defendant also offers the Affidavit of Steven I. Klein, Esq., a partner in the law firm of Rumberger, Kirk & Caldwell, P.A. with over thirteen years of experience.   (Doc. 81, Klein Affidavit).   Mr. Klein avers that the time spent by Mr. Powell was reasonable and necessary except for 23.7 hours that he believes should be deducted for various reasons: (1) September 17, 2015 depositions of Plaintiffs should be reduced from 8.0 hours to 4.5 hours; (2) time spent preparing motion for summary judgment should be reduced from 57.6 hours to 40 hours; (3) 1.0 hour time entry on November 4, 2015 for beginning Falco deposition index should be deducted as duplicative; (4) 0.2 hour time entry on March 30, 2016 for reviewing Court's Order on motion *in limine* should be deducted as duplicative; and (5) 1.4 hours should be deducted for time related to Plaintiffs' appeal of judgments in favor of Defendant. (Klein Affidavit at ¶8).   Thus, according to Mr. Klein, 470.2 hours were reasonably and necessarily spent defending this action.

Plaintiffs' fee expert, Aldo Bollinger avers that an additional 89.3 hours should be deducted for various reasons, including non-compensable travel time, excessive or duplicative billing, and lack of sufficient detail in time entries.   (Doc. 84, Bollinger Affidavit at ¶9).   First, Mr. Bollinger avers that 19 hours of travel time should be deducted.   Courts in the Eleventh Circuit routinely deny time billed for travel during the course of litigation.   "Travel time is not properly visited on

one's adversary, absent a showing of a lack of qualified counsel." *See Brother Int'l Beach Club Condo. Ass'n, Inc.,* No. 6:03–CV–444–ORL28DAB, 2005 WL 1027240, at *5 (M.D.Fla. Apr.28, 2005) report and recommendation adopted sub nom. *Brother v. Int'l Beach Club Condo. Ass'n, Inc.,* No. 603CV444ORL28DAB, 2005 WL 1139927 (M.D. Fla. May 13, 2005).   While Mr. Powell is an experienced lawyer in the field of warranty litigation, Defendant has made no showing that competent counsel was not available in Ocala.   However, a review of the subject entries (from which Mr. Bollinger seeks to deduct time) shows that regardless of whether Defendant hired an Ocala lawyer or a lawyer based in Tampa or the Orlando area, as he did, counsel was going to be required to travel in order to represent his client.   Indeed, the subject entries reflect travel by Mr. Powell from Winter Park to (1) Tampa for the deposition of Plaintiffs' expert; (2) Titusville for a litigation inspection of the RV; (3) Tampa for the pretrial conference; (4) Orlando for a settlement conference with Judge Smith; and (5) Ocala for trial.[1]   Accordingly, I am disinclined to deduct time for travel.   However, I agree that the 1.2 hours spent preparing a settlement release should be deducted since there was no settlement.   And I will reduce the remaining 69.1 hours identified by Mr. Bollinger by 20% (or 13.82 hours) to account for excessive time entries, duplicative work, and block billing.

Plaintiffs also offer the Affidavit of Plaintiffs' lead counsel, Veronica Coulter, who avers that her firm recorded only 161.1 hours of attorney time in litigating this matter.   (Doc. 85). However, the fact that Plaintiffs' counsel, who did not prevail in this action, spent less than half

---

[1] Mr. Bollinger avers that 2.0 hours should be deducted from the May 16, 2016 time entry for travel from Winter Park to Ocala.   Aside from that entry, had Defendant hired Ocala counsel instead of Mr. Powell, his or her travel would have likely been longer to Tampa, Orlando and Titusville than that of Mr. Powell.

the amount of time litigating this case than defense counsel did, does not support further reductions of time.

Accordingly, based on the evidence submitted by the parties, as well as my own experience and expertise, I find that it was reasonable and necessary for Mr. Powell to expend 455.18 hours litigating this action.   Indeed, Mr. Powell's time was spent over the course of nineteen months, on all facets of the litigation, including pleadings, a motion for summary judgment, a *Daubert* motion, settlement efforts, discovery practice, and a two-day bench trial, following which Defendant obtained a favorable result.

### B.      Reasonableness of Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988).   The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates.   *Id.*   The trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience.   *Id*. at 1303.

Here, Plaintiffs do no dispute, and I agree, that the requested $240.00 per hour for Mr. Powell is reasonable and consistent with market rates in the Ocala Division.   *See* Doc. 84-1 at ¶6.

### C.      Summary

In summary, I find that a reasonable lodestar for Attorney Powell is 455.18 hours at $240.00 per hour for a fee award of $109,243.20.

## II.      COSTS

Defendant also moves for two categories of costs.   First, Defendant filed a Bill of Costs seeking costs as a prevailing party under Fed. R. Civ. P. 54 and 28 U.S.C. § 1920.   (Doc. 68). Specifically, Defendant requests $5,186.10, which includes: (1) $3,438.10 in deposition transcript

and court reporter fees; (2) $700.00 in mediator fees; (3) $648.00 in witness fees; and (4) $400.00 for the filing fee.   (Doc. 68).

Rule 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party."   28 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the authority in Rule 54(d), including *inter alia*: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. When challenging whether costs are taxable, the losing party bears the burden to demonstrate that the cost is not taxable, unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party.   *Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt., Inc.,* 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).

Here, Plaintiffs have raised no objection to these requested costs and I find them to be permissible under § 1920, with the exception of the mediator fees.   *See e.g., Nicholas v. Allianceone Receivables Mgmt, Inc.,* 450 Fed.Appx. 887, 888 (11th Cir. 2012) (affirming district court's denial of mediation fees under §1920); *Van Voorhis v. Hillsborough Bd. of County Comm'rs*, No. 8:06-cv-1171-T-TBM, 2008 WL 2790244, at *4 (M.D. Fla. July 18, 2008) ("Despite the fact that mediation is often court ordered, § 1920 does not contemplate the costs of mediation.   Of the circuits that have squarely addressed whether mediation costs may be taxable under § 1920, all have held that they are not.").   Accordingly, costs should be awarded in the amount of $4,486.10.

Next, Defendant seeks to recover $22,914.02 in expert costs and investigative expenses pursuant to § 768.79 for its expert witness, Enoch Hutchcraft.   However, courts in this District

have held that a party cannot recover any costs under § 768.79 beyond those authorized by federal law.   The courts have reasoned that "[w]hile the recovery of attorney's fees under the offer-of-judgment statute presents a substantive matter for state law, the recovery of costs under that statute does not similarly raise a substantive issue."   *Jalosinski v. Dorel Juvenile Group, Inc.,* No. 2:13-cv-371, 2015 WL 4395406, at 5 (M.D. Fla. July 16, 2015) (citing *Kearney v. Auto–Owners Ins. Co.,* No. 8:06–cv–00595, 2010 WL 3062420, at *2 (M.D.Fla.Aug.4, 2010)).   "The offer-of-judgment statute leaves unchanged the 'traditional rule' that the recovery of costs presents a procedural matter for federal law."   *Id.*

When seeking reimbursement for fees paid to a party's own expert witness, as opposed to a witness appointed by the court, a federal court is bound by the limitations of 28 U.S.C. § 1821, absent contract or explicit statutory authority to the contrary.   *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442-45 (1987).   Thus, "[u]nless an expert is court-appointed, [ ] expert witness fees cannot be taxed in excess of the $40-per-day limit set out in § 1821(b), in addition to travel expenses."   *North v. Mayo Group Development, LLC*, No. 3:11-cv-444-J-32JBT, 2013 WL 3461932, at *3 (M.D. Fla. July 9, 2013).   Here, Mr. Hutchcraft was not court appointed and there does not appear to be any other contractual or explicit statutory authority authorizing the Court to award expert witness fees.   Accordingly, I find that Defendant is limited to the taxable expert costs as provided by § 1821.

Based on the records submitted, Defendant's expert spent one day at his deposition and one day testifying at trial, justifying total costs of $80.00 ($40 per day for attendance fee).   With respect to travel expenses, § 1821 authorizes *inter alia* reimbursement for costs of common carrier, mileage, parking and a subsistence allowance.   § 28 U.S.C. 1821 (b)-(d); *see also*, *D.B. v. Orange County, Fla.*, No. 6:13-cv-434-Orl-31DAB, 2015 WL 847293, at *3 (M.D. Fla. Feb. 26, 2015)

("The general rule in civil litigation in federal courts is that expert witness fees are not taxable as costs beyond the statutory per diem fee, mileage and the subsistence allowance provided for under [ ] § 1821."). However, Defendant has failed to meet its burden to establish the appropriate allowances for travel. Indeed, Mr. Hutchcraft's invoices appear to include costs that exceed the maximum allowance, as well as costs that are untaxable under the statute. (Doc. 88-1).[2] To the extent Defendant seeks to tax Mr. Hutchcraft's travel expenses, it must separate and support the taxable expenses for this category in a subsequent filing. At this time, the Court will only tax $80.00 for the daily attendance fees.

### III.    ATTORNEY'S FEES EXPERT COSTS

Defendant also seeks to recover $1,250.00 for the services of its attorney's fee expert, Steven I. Klein. Defendant offers the affidavit of Mr. Klein to support the amount of attorney's fees that it is seeking to recover. (Doc. 79 at ¶4; Doc. 81). The Eleventh Circuit, however, has held in the context of Florida Statute §768.79, that attorney's fees incurred for litigating the amount of fees awarded are not recoverable. *McMahan v. Toto*, 311 F.3d 1077, 1085-86 (11th Cir. 2002). Accordingly (and in the absence of any legal authority to otherwise support its request), I find that Defendant cannot recover its attorney's fee expert costs.

---

[2] For example, Mr. Hutchraft traveled to Orlando in November 2015 for his deposition. (Doc. 88-1 at 3). His invoices reflect that he spent approximately $300.00 per night for his hotel. At that time, the maximum Orlando lodging allowance per diem was $127.00. http://www.gsa.gov/portal/category/100120.

## IV.     CONCLUSION

Defendant's motion (Doc. 79) is **GRANTED** to extent that the Clerk is directed to enter an attorney's fee judgment in favor of Defendant and against Plaintiffs in the amount of $109,243.20 and a cost judgment in favor of Defendant and against Plaintiffs in the amount of $4,566.10.

**DONE** and **ORDERED** in Ocala, Florida on February 10, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties